## J. E. WIMBERLY v. THE STATE.

No. 18630.   Delivered December 2, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*C. F. Stevens,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for twenty years.

Appellant contends that Mary Sue Murphrey, an accomplice witness, was not sufficiently corroborated. Said witness testified, in substance, as follows: She and appellant entered Clyde Russell's automobile on the night of November 17, 1935. Russell was drunk, and appellant suggested to him that he be permitted to drive his car for him. Russell agreed to let the witness drive the car. She got on the front seat with Russell, and appellant took the back seat. After they had driven around for some time appellant and Russell got out of the car. Appellant struck Russell and knocked him down; and, as he tried to get up, he again knocked him down. He took from Russell a watch, which he gave to the witness. The witness would not permit appellant to leave Russell, but insisted that he place him in the car and take him back to town, as he appeared to have a severe cold. Appellant complied with her request; but before they drove into town he forcibly put Russell out of the car, and he and the witness drove away in said car. Russell was bleeding when placed in the car. The car was a Plymouth sedan, with license number F-12000. After the parties entered town they were pursued by policemen.

The State's testimony was to the effect that Russell was dead, he having contracted pneumonia. R. H. Ledbetter, a policeman, testified that on the occasion in question he saw appellant in an automobile with license number F-12000. He testified that he pursued appellant, and appellant abandoned the car. There were blood stains in the car. R. O. Martin testified that he saw Russell at his home after the alleged robbery, and that his mouth was bruised and some of his teeth out. He testified further that Russell's watch had been secured from Mary Sue Murphrey and delivered to Russell. Mrs. Russell testified that her husband had been injured on the occasion in question and that he later died from the effects of pneumonia. Calvin Brantley, a taxicab driver, testified to having seen appellant and Mary Sue Murphrey in a Plymouth automobile on the date of the robbery. Appellant told the witness that he got the automobile from a drunk man. He also exhibited a watch and stated to the witness that he got it from the same man.

We deem the corroborating evidence sufficient.

We are unable to agree with appellant that the State's testimony shows the offense of theft by bailee. We think a conviction for robbery is supported.

The testimony heard by the trial court on the motion for new trial, in our opinion, warranted the conclusion that the jury were not guilty of misconduct.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the argument of the appellant in his motion for rehearing it is contended that the conviction should be for theft by bailee and not for robbery. Our re-examination of the evidence leads us to the conclusion that it is sufficient to support the conviction of robbery.

Appellant presented a motion for new trial in which he challenged the soundness of the verdict upon the ground of misconduct of the jury in receiving additional testimony during their deliberation. The matter was investigated by the trial court and testimony heard thereon covering some twenty type-written pages. A recital of the testimony on the subject is not deemed necessary or practicable. Suffice it to say that the action of the trial court in overruling the motion for new trial is justified by the record.

As stated in the original opinion, we think the accomplice witness was sufficiently corroborated by the testimony adduced upon the trial.

The motion for rehearing is overruled.

*Overruled.*